

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

XXXXXXXXXXs
**ATTORNEY GENERAL**

February 17, 1939

Overruled by O-5423

Honorable L. A. Woods
State Superintendent
Department of Education

Dear Sir:

Opinion No. O-185

Re: Date required for filing
application for salary
aid .. amended equalization
bill

This will acknowledge receipt of your letter of February
2, 1939, in which you propound the following question:

"If the provision regarding high school tuition
date for file is directory rather than mandatory, then
does the same ruling hold true for application date
on salary aid applications? In other words, may
salary aid applications, received after October 1st,
which is the date provided in the Equalization Law,
be recommended for payment on the opinion given
September 14, 1938 on the ground that the dates pro-
visions in the Equalization Law are directory rather
than mandatory?"

In reply thereto, this is to advise that we have carefully
read the Rural Aid Law denominated as House Bill 133, and in our
opinion Section 16 thereof covers same, and the provisions of
Section 16 are in part as follows:

"All applications for Aid shall be on file with
the proper authorized authority not later than October
1 of each year of the biennium provided, however, that
from and after January 1, 1938, the authorized authority
herein referred to shall mean the office of the Director
of the Equalization Division of the State Department of
Education at Austin, Texas, and any school not filing
such application before such date of each year shall
not be eligible for aid for the current year."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. L. A. Woods, February 17, 1939, Page 2

Where a statute is affirmative it does not necessarily imply that the mode or time mentioned in it is exclusive, and that the act provided for, if done at a different time or in a different manner, will not have effect. Such is the literal implication, it is true; but since the letter may be modified to give effect to the intention, that implication is often prevented by another implication, namely, that the legislature intends what is reasonable, and especially that the act shall have effect; that its purpose shall not be thwarted by any trivial omission, or a departure from it in some formal, incidental or comparatively unimportant particular. Sutherland Statutory Construction, Vol. 2, page 1115.

This rule is announced and upheld in the cases of Russell vs. Farquhar, 55 Tex. 355; City of Uvalde vs. Burney, 145 S.W. 311; Gomez vs. Timon, 128 S.W. 656; Ferris Press Brick Co. vs. Hawkins, 116 S.W. 80.

In the case of Burton vs. McGuire, 3 S.W. (2d) 576, it is stated:

"Whether a particular statute is mandatory or directory does not depend upon its form, but upon the intention of the Legislature to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other."

Therefore, with this view in mind we hold that the statute is directory to the extent that if the application gets into the office of the State Superintendent before substantial work is done on the distribution of the fund, then he would be at liberty to consider the application filed after October 1, but he would not be permitted to delay the distribution of the fund, nor to withhold the money to take care of later filings; but there would be a reasonable construction of the time of filing so as not to delay other school districts in receiving their money, and if an application is filed in time so as not to prevent undue delay and in time for the proper distribution of the fund in the ordinary course of business, then the filing of the application would not be too late if filed after October 1, and such filing would still be in conformity with the act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By George S. Berry
Assistant

GSB:FG:djm

Approved:
Gerald C. Mann
Attorney General of Texas